# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

REYES FLORES, and
PAT FLORES,

      Plaintiffs,

      vs.                                                  1:18-cv-00402 WJ-KBM

CITY OF FARMINGTON,
STEVEN HEBBE, NICK BLOOMFIELD,
MATTHEW VEITH, TOM SWENK, and
TAFT TRACY, *all in their individual capacities*,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court upon the Defendants' Motion for Partial Dismissal of Plaintiff's Complaint, filed August 3, 2018 **(Doc. 20)**. Having reviewed the parties' pleadings and the relevant law, the Court finds that Defendants' motion is well-taken in part and, therefore, is **GRANTED IN PART**.

### BACKGROUND

Plaintiffs, officers with the Farmington Police Department, allege that Defendants discriminated against them on the basis of their religion. Plaintiffs Reyes and Pat Flores are brothers. They both have self-described "long held deep-rooted Christian beliefs." The Farmington Police Department ("FPD") and employees were aware of their Christian faith, and many people in FPD also held similar beliefs. All individual Defendants appear to be employees of the Farmington Police Department or City of Farmington.

    A.      **Plaintiff Reyes Flores**.

On September 6, 2016, Defendant Veith notified Plaintiff Reyes that an Internal Affairs investigation had been initiated against him. The notice did not provide any details on the allegations or alleged violations. On September 21, 2016, Lt. Crum notified Reyes that he was being transferred from the training division to the patrol division and prohibited him from leading any informal or formal training in the department.

As part of the internal investigation, Defendant Veith interviewed Reyes at least four times, during which he referenced Reyes' religious beliefs, the expression of those beliefs in the work place, and the inappropriateness of sharing those religious beliefs in the workplace. Plaintiff Reyes led certain trainings as a Field Officer Trainer. Plaintiff Reyes believed he was being accused of forcing religious beliefs on his trainees or subordinates while in the workplace.

The internal affairs investigation disclosed that Reyes did not force, coerce, compel, or require any department employee to follow his religious beliefs. However, the investigation found that Reyes engaged in discriminatory conversations with trainees and subordinates. The proposed discipline included (1) removal from his training position and revocation of his Field Officer Trainer status; (2) removal from the SWAT team; (3) a written reprimand (4) and other discipline.

Plaintiff Reyes filed a grievance. The discipline was subsequently reduced to counseling. Plaintiff Reyes continued to pursue his grievance but was not successful. He alleges he has been denied subsequent opportunities based on this discipline and subsequently received the worst performance evaluation of his career.

### B. Plaintiff Pat Flores.

Plaintiff Pat Flores has been applying for lieutenant positions since 2014. He alleges that other less qualified candidates, including ones he trained, were selected over him four times.

On June 27, 2017, Plaintiff Pat had a feedback session with Defendant Tracy. Defendant Tracy told him that although his qualifications were better than those selected based on training and experience, he was not promoted because of his perceived strong religious beliefs and he would not be promoted unless he surrendered those beliefs.

### C. Claims Asserted.

Plaintiffs assert the following fourteen claims:

Count I: 42 U.S.C. § 1983: First Amendment Retaliation.
Count II: 42 U.S.C. § 1983: Fourteen Amendment Equal Protection / Hostile Work Environment.
Count III: 42 U.S.C. § 1983: Fourteen Amendment / Procedural Due process.
Count IV: 42 U.S.C. § 1983: Fourteenth Amendment / Substantive Due Process.
Count V: 42 U.S.C. § 1983: Fourteenth Amendment Equal Protection / Religious Discrimination.
Count VI: Title VII: Religious Discrimination.
Count VII: Title VII: Retaliation.
Count VIII: Title VII: Hostile Work Environment.
Count IX: New Mexico Human Rights Act: Religious Discrimination.
Count X: New Mexico Human Rights Act: Retaliation.
Count XI: New Mexico Human Rights Act: Hostile Work Environment.
Count XII: Breach of an Implied Contract of Employment.
Count XIII: Breach of the Implied Covenant of Good Faith and Fair dealing.
Count XIV: Violation of New Mexico Whistleblower Protection Act.

Defendants filed a motion to dismiss based on Fed. R. Civ. P. 12(b)(6) and qualified immunity. Defendants seek dismissal of Counts I, II, III, IV, and V (all § 1983); portions of Counts VI, VII and VIII (all Title VII), and portions of Counts IX, X, XI under the New Mexico Human Rights Act, NMSA § 28-1-7(A).

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

Defendants have asserted the defense of qualified immunity for Counts I - V, which shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Romero v. Story*, 672 F.3d 880 (10th Cir. 2012). When a defendant moves for dismissal on the basis of qualified immunity, the plaintiff bears a heavy two-fold burden. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). The plaintiff must put forward evidence showing (1) that the defendant violated plaintiff's constitutional rights, and (2) the right at issue was clearly established at the time of the violation. *Id*. If the plaintiff fails to establish either part of the two-part inquiry, the Court must grant the defendant qualified immunity. *Id.*

## DISCUSSION

**I.      Counts I-V: Personal Involvement of Each Individual Defendant under § 1983.**

    **A.      Substantive Due Process Claim (Count IV) is Dismissed with Prejudice.**

Initially, Plaintiffs have agreed in their response to dismiss Count IV (substantive due process). Therefore**, Count IV** is **DISMISSED WITH PREJUDICE.**

B.      **Counts I-III and V are Dismissed as to the Individual Defendants with Leave to Amend.**

Defendants argue that the remaining § 1983 claims (Counts I-III and V) must be dismissed as to the individual Defendants, because they do not specify the unconstitutional acts of the individual Defendants that support each claim. The Court agrees.

Plaintiffs must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Pahls v. Thomas*, 718 F.3d 1210, 1231–32 (10th Cir. 2013). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Therefore, rather than grouping the actions of the Defendants together, Plaintiffs must establish that *each* defendant caused the alleged constitutional violation as to each Plaintiff. *Pahls v. Thomas*, 718 F.3d 1210, 1231–32 (10th Cir. 2013). This is especially important where, as here, there are two Plaintiffs, five individual Defendants, and five § 1983 claims.

Plaintiffs filed a complaint against five individual Defendants alleging they violated five different § 1983 constitutional claims. Plaintiffs referenced the acts of some individual Defendants in a general factual background section (¶ 15-94), and each § 1983 count provides: "The COF and the FPD, as well as the Defendants named in their individual capacity…" It is unclear what Defendants Swenk and Bloomfield are alleged to have done at all.

However, Plaintiffs did not specify which actions by which defendant support each claim. It is also unclear whether all five individual Defendants are alleged to have committed all alleged § 1983 claims against *each Plaintiff*. Thus, neither the Court nor the Defendants are able to tell what actions of the individual Defendants form the basis of each claim. Because of these insufficiencies, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, which in part argue that Plaintiffs failed to allege facts supporting certain claims. Plaintiffs did not clarify this confusion in their response.

"[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing case for failure to state a claim without prejudice to refiling). Because Plaintiffs failed to specify which claims each defendant is alleged to have committed, "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins*, 519 F.3d at 1250 (dismissing case for failure to state a claim without prejudice to refiling).

Therefore, **Counts I-III and V** are **DISMISSED** as to the individual Defendants with leave to amend.[1]

## C. <u>Leave to Amend</u>.

Because the factual insufficiencies in the complaint can be resolved, the Court will allow Plaintiffs to file an amended complaint. *See, e.g., Amaro v. New Mexico*, ___ Fed. Appx. __ 2018 WL 2986635, at *3 (10th Cir. 2018) (district court should have granted leave to amend where complaint could be amended to include required specificity).

Plaintiffs are ordered to file an Amended Complaint in accordance with the following:

---

[1] Defendants did not move for dismissal of the municipal entity under *Monell*, and therefore the Court does not address the claim against the City of Farmington.

- Plaintiffs may file the Amended Complaint within **thirty (30) days** of the filing of this Order; and

- Each claim asserted by Plaintiffs shall identify which Defendants they assert that claim against; and

- Plaintiffs shall specify which facts support inclusion of a particular Defendant under that claim or count. This may be satisfied by referring back to the specific factual paragraph on a particular Defendant.

### D. Qualified Immunity.

The individual Defendants also seek dismissal of the § 1983 claims on the basis of qualified immunity, however, the Court cannot conduct a qualified immunity analysis because it is unclear what actions are alleged to have violated which constitutional right.

However, the Court notes that Defendants argue that it does not violate a clearly established right to prohibit Plaintiffs from "proselytizing" while training other officers. Defendants appear to seek dismissal on their own set of facts. At the Fed. R. Civ. P. 12(b)(6) stage, the Court does not consider Defendants' version of the facts. Therefore, if Plaintiffs amend their complaint, the Court cautions Defendants not to perfunctorily refile the same motion to dismiss based on qualified immunity. Rather, Defendants must address whether the claims survive qualified immunity based on the *facts alleged*.

## II. Failure to Exhaust Administrative Remedies.

Defendants seek dismissal of the Title VII and NMHRA claims (Counts VI-XI) based on failure to exhaust administrative remedies.

### A. Plaintiff Reyes' failure to identify individual defendants in charge mandates dismissal of Title VII claims as to individual Defendants.

Defendants argue that the charge filed by Plaintiff Reyes Flores with the EEOC does not name the individual Defendants, therefore any Title VII claims against the individual Defendants must be dismissed.

Failure to exhaust administrative remedies is now an affirmative defense and not a jurisdictional bar. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181-86 (10th Cir. 2018) (overturning long-held tenth circuit precedent that exhaustion is a jurisdictional bar). "This individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims. Furthermore, each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Lincoln*, 900 F.3d at 1181 (internal citations and quotation marks omitted).

"As a general rule, a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999), *citing* 42 U.S.C. § 2000e–5(f)(1) ("[A] civil action may be brought against the respondent named in the [EEOC] charge ... by the person claiming to be aggrieved...."). "A Title VII action may proceed against a defendant not named in the EEOC charge when there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge. This identity-of-interest exception satisfies a Title VII purpose that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) (internal citations and quotation marks omitted) (citing four-factor test for determining identity of interests), *cited in Ning Lu v. Kendall*, 561 F. App'x 751, 754 (10th Cir. 2014).

Defendants initially argued that the failure to name individual Defendants in the charge also mandated dismissal of the New Mexico Human Rights Act claims (Counts IX-XI), but then conceded in a reply that binding authority holds otherwise. *Lobato v. State Environment Dept.*, 267 P.3d 65 (N.M. 2011) (plaintiff did not fail to exhaust administrative remedies where form failed to give opportunity to identify individual defendants).

Here, Plaintiff Reyes did not object to the dismissal of his Title VII claims against the individual Defendants and did not otherwise argue that the individual Defendants should stay in under an identity of interests theory. Therefore, the Court concludes that the failure to name the individual Defendants constitutes failure to exhaust administrative remedies.

Moreover, Title VII claims do not sound against individuals. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996), *cited in Palmer v. Kaiser Found. Hosps. Tech. Risk Office*, No. 18-1028, 2018 WL 5096316, at *2 (10th Cir. Oct. 18, 2018) ("in this circuit a plaintiff cannot proceed with Title VII claims against an individual").[2] Therefore, the Court **DISMISSES WITH PREJUDICE** Counts VI-VIII as to the individual Defendants.

### B. Plaintiff Pat Flores' alleged failure to file charge with the EEOC.

Defendants moved to dismiss Plaintiff Pat Flores' Title VII (Counts VI-VIII) and New Mexico Human Rights Act (Counts IX-XI) claims, alleging that he failed to file a charge with the EEOC. Plaintiff responded and attached documents that appear to show that Plaintiff Pat Reyes submitted an intake questionnaire and narrative to the EEOC on March 5, 2018 and requested that it be incorporated into his formal charge. A certified mail receipt shows the documents were received by the EEOC on March 6, 2018. Filing a suit prior to receiving a right to sue letter appears to be a curable defect. *Martin v. Cent. States Emblems, Inc*., 150 F. App'x 852, 855 n.3 (10th Cir.

---

[2] It is unclear whether Pat Reyes included any individuals in his charge. Nevertheless, if he asserts any Title VII claims against individuals, they should also be dismissed.

2005). Therefore, Plaintiff Pat Flores argues that he submitted the appropriate paperwork, but the EEOC dropped the ball. It is unclear whether a right to sue letter has been issued.

The alleged discriminatory incident occurred on June 27, 2017, and the charge was apparently filed on March 5, 2018. On its face, the Court does not see this as untimely and Defendants do not explain why it was untimely.

Moreover, there appears to be a factual dispute as to who is at fault for the handling of the EEOC claim. Generally, "a plaintiff should not be penalized for the EEOC's negligence in handling a charge." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1185 (10th Cir. 2007), *citing Wilkerson,* 270 F.3d at 1321 ("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue." (alteration in original) (quotation omitted)).

Exhaustion is no longer a jurisdictional issue and cannot be resolved under Fed. R. Civ. P. 12(b)(1). Defendants appear to dispute the authenticity and admissibility of the documents attached to the response, and there *appear* to be factual disputes. Therefore, the Court cannot resolve this issue as a matter of law on a Fed. R. Civ. P. 12(b)(6) motion and will deny Defendants' request without prejudice to refiling as a Fed. R. Civ. P. 56 motion.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss **(Doc. 20)** is hereby **GRANTED IN PART** and **DENIED IN PART** for reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that **Counts I-III and V** are **DISMISSED** as to the individual Defendants with leave to amend; and

**IT IS FURTHER ORDERED** that Plaintiffs may file an amended Complaint within **thirty (30) days** of the filing of this order. If Plaintiffs fail to do so, the Court may dismiss with prejudice Counts I-III and V without further notice; and

**IT IS FURTHER ORDERED** that **Counts VI-VIII** are **DISMISSED WITH PREJUDICE** as to the individual Defendants; and

**IT IS FINALLY ORDERED** that **Count IV** is **DISMISSED WITH PREJUDICE**.

_____
CHIEF UNITED STATES DISTRICT JUDGE