IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYES FLORES, and
PAT FLORES,

      Plaintiffs,

      vs.                                                                     1:18-cv-00402 KWR-JFR

CITY OF FARMINGTON,
STEVEN HEBBE, NICK BLOOMFIELD,
MATTHEW VEITH, TOM SWENK, and
TAFT TRACY, *all in their individual capacities*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the individual Defendants' Motion for Judgment on the Pleadings against Plaintiff Reyes Flores **(Doc. 89).** Having reviewed the parties' pleadings and the relevant law, the Court finds that the Defendants' motion is well-taken in part and, therefore, is **GRANTED IN PART** and **DENIED IN PART.**

### BACKGROUND

**A.**    **Introduction.**

Plaintiffs, officers with the Farmington Police Department, allege that Defendants discriminated against them on the basis of their religion. Plaintiffs Reyes and Pat Flores are brothers. They both have self-described "long held deep-rooted Christian beliefs." The Farmington Police Department ("FPD") and employees were aware of their Christian faith. All individual Defendants appear to be employees of the Farmington Police Department or City of Farmington.

**B.**    **Plaintiff Reyes Flores.**

On September 6, 2016, Defendant Veith notified Plaintiff Reyes that an Internal Affairs investigation had been initiated against him. The notice did not provide any details on the allegations or alleged violations. On September 21, 2016, Lt. Crum notified Reyes that he was being transferred from the training division to the patrol division and prohibited him from leading any informal or formal training in the department.

As part of the internal investigation, Defendant Veith interviewed Reyes at least four times, during which he referenced Reyes' religious beliefs, the expression of those beliefs in the work place, and the inappropriateness of sharing those religious beliefs in the workplace. Plaintiff Reyes led certain trainings as a Field Officer Trainer. Plaintiff Reyes believed he was being accused of forcing religious beliefs on his trainees or subordinates while in the workplace.

The internal affairs investigation disclosed that Reyes did not force, coerce, compel, or require any department employee to follow his religious beliefs. However, the investigation found that Reyes engaged in discriminatory conversations with trainees and subordinates. The proposed discipline included (1) removal from his training position and revocation of his Field Officer Trainer status; (2) removal from the SWAT team; (3) a written reprimand (4) and other discipline.

Plaintiff Reyes filed a grievance. The discipline was subsequently reduced to counseling. Plaintiff Reyes continued to pursue his grievance but was not successful. He alleges he has been denied subsequent opportunities based on this discipline and subsequently received the worst performance evaluation of his career.

On May 25, 2017 Plaintiff Reyes Flores filed a Charge of Discrimination form with the New Mexico Department of Workforce Solutions, Human Rights Bureau.

In the charge document, Plaintiff Reyes asserted he was discriminated against because of his religion and gender, subject to a hostile work environment, and retaliated against. He asserts

that as a result of an investigation on or around December 27, 2016, he was punished and lost his training officer position, reassigned to patrol officer, among other punishments. He asserted he was demoted and lost money.

**C.     Claims Asserted.**
In amended complaint filed March 4, 2019 Plaintiffs assert the following fourteen claims:

Count I: 42 U.S.C. § 1983: First Amendment Retaliation.
Count II: 42 U.S.C. § 1983: Fourteen Amendment Equal Protection / Hostile Work
     Environment.
Count III: 42 U.S.C. § 1983: Fourteen Amendment  / Procedural Due process.
Count IV: 42 U.S.C. § 1983: Fourteenth Amendment Equal Protection / Religious
     Discrimination.
Count V: Title VII: Religious Discrimination.
Count VI: Title VII: Retaliation.
Count VII: Title VII: Hostile Work Environment.
Count VIII: New Mexico Human Rights Act: Religious Discrimination.
Count IX: New Mexico Human Rights Act: Retaliation.
Count X: New Mexico Human Rights Act: Hostile Work Environment.
Count XI: Breach of an Implied Contract of Employment.
Count XII: Breach of the Implied Covenant of Good Faith and Fair dealing.
Count XIII: Violation of New Mexico Whistleblower Protection Act.

These claims have been the subject of several dispositive motions and several have already been dismissed. At issue in the current motion are the Title VII (Counts V-VII) against the individual Defendants and the New Mexico Human Rights Act claims (Counts VIII-X) against the individual Defendants.

**LEGAL STANDARD**

A motion for judgment on the pleadings generally follows Rule 12(b)(6) standards. Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).  In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants seek dismissal of the Title VII claims (Counts V-VII) against the individual defendants.  Defendants also seek dismissal of the New Mexico Human rights act claims (Counts VIII-X) against the individual Defendants except Chief Steven Hebbe.

**I.** **No Title VII claims are asserted against individual Defendants.**

 Defendants moved to dismiss the Title VII claims against the individual defendants. Those claims against the individual defendants were already dismissed by Chief Judge Johnson in a February 8, 2019 order **(Doc. 33)** and Plaintiff Reyes Flores affirms that he does not assert Title VII claims against individuals.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996), *cited in Palmer v. Kaiser Found. Hosps. Tech. Risk Office*, No. 18-1028, 2018 WL 5096316, at *2 (10th Cir. Oct. 18, 2018) ("in this circuit a plaintiff cannot proceed with Title VII claims against an individual").  Therefore, to the extent they were asserted against individuals, the Title VII claims (Counts V-VII) are dismissed as to the individual Defendants.

**II.** **Court declines to dismiss New Mexico Human Rights Claims against individual Defendants Swenk, Veith, and Hebbe.**

Defendants also moved to dismiss the New Mexico Human Rights Act claims (Counts XIII-X) against the individual defendants for failure to exhaust.  The individual defendants argue that the alleged failure to name them in the charge document filed with the New Mexico Human Rights Bureau means that the claims are not exhausted against them.

The New Mexico Human Rights Act ("NMHRA") makes it an unlawful discriminatory practice for:

> [A]n employer, unless based on a bona fide occupational qualification or other statutory prohibition, to refuse to hire, to discharge, to promote or demote or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex, physical or mental handicap or serious medical condition....

N.M. Stat. Ann. 1978, § 28-1-7. To bring an NMHRA suit in district court, a plaintiff is required to exhaust the administrative grievance process with respect to all defendants named in the district-court lawsuit. *See Luboyeski v. Hill*, 117 N.M. 380, 383, 872 P.2d 353, 356 (1994)

To exhaust administrative remedies under the NMHRA, a person must: (i) file a complaint with the New Mexico Human Rights Division ("NMHRD") or the EEOC making sufficient allegations to support the complaint; and (ii) receive an order of nondetermination from the NMHRD. *See Mitchell-Carr v. McLendon*, 127 N.M. 282, 287, 980 P.2d 65, 70 (1999). The statute further provides that the written complaint must "state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required." N.M.S.A. 1978, § 28-1-10(A).

However, the New Mexico Supreme Court has held that the claim form in use is defective because it does not have a place to name individual defendants nor does it instruct claimants to name individual defendants. The New Mexico Supreme Court concluded that claimants using this form generally need not list individual defendants to exhaust their claims. *Lobato v. State Env't*

*Dep't*, 2012-NMSC-002, ¶ 15, 267 P.3d 65, 69 (form defective and claimant exhausted claims where form did not instruct filers to include names of any individuals involved).

Plaintiff Reyes Flores provided (1) the charge document (**doc. 25-1**), (2) the affidavit attached to the charge document (**Doc. 91-2**) which listed the individual defendants, and (3) an affidavit asserting he was not represented by counsel when he filed the charge document (**Doc. 91-1**).

Here, Plaintiff Reyes Flores alleged that he filed the charge document with the Human Rights Bureau.  **Doc. 35 at ¶10.**  Both parties agree the Court can consider the charge document filed because it is central to the complaint and no party disputes its authenticity.  **Doc. 25-1**; *Martin v. Cent. States Emblems, Inc.*, 150 F. App'x 852, 857 (10th Cir. 2005) (Generally, a "court may consider documents referred to in a complaint, without converting a motion to dismiss into a motion for summary judgment, if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity."), *citing County of Santa Fe v. Pub. Serv. Co. of N.M.,* 311 F.3d 1031, 1035 (10th Cir.2002).

As in *Lobato*, Plaintiff Reyes Flores filed a charge document **(Doc. 25-1)** which only included a space to name entities and did not include a space to name individuals or instruct claimants to name individuals.  Therefore, under *Lobato* Plaintiff need not have named individuals to administratively exhaust his New Mexico Human Rights Act claims against the individual defendants.

Some courts in this district have cabined the *Lobato* exception to the exhaustion rule to only *pro se* or "unwary claimants." *See, e.g., Stailey v. Gila Reg'l Med. Ctr.*, No. CV 16-0485 JCH/GJF, 2017 WL 3602057, at *8 (D.N.M. Feb. 21, 2017) (discussing cases).  Defendants argue that Plaintiff failed to allege that he was *pro se* or an "unwary claimant" under *Lobato* when he

6

filed his claim, and therefore failed to allege sufficient facts that he exhausted his administrative remedies. The Court does not believe the pleading standards are so heightened as to require such specific allegations under Rule 12(b)(6). Here, the Court finds that Plaintiff pled sufficient facts to plausibly state that he exhausted his claims.

Defendants argue that Plaintiff Reyes Flores is not an unwary claimant because he is a law enforcement officer and should have known he had name individuals on charge document to exhaust his New Mexico Human Rights Act claims. Defendants provide no support for the argument that a law enforcement officer would be familiar with the filing process of EEOC and Human Rights Board complaints. There is nothing in the complaint to suggest that Plaintiff Reyes Flores was represented by counsel when he filed the charge with the New Mexico Department of Workforce Solutions, Human Rights Bureau.

Moreover, a complaint is not dismissed for failure to exhaust unless such failure is clear on the face of the complaint. *See, e.g., Morales v. Runyon*, 844 F. Supp. 1435, 1436 (D. Kan. 1994) (failure to exhaust Title VII administrative remedies not clear on face of complaint). Here, Plaintiff alleged that he filed the charge document and exhausted his claims. **Doc. 35 at ¶ 10**. It is not clear on the face of the complaint that Plaintiff did not exhaust his claims. Therefore, dismissal for lack of exhaustion would generally be inappropriate.

Plaintiff alternatively argues that he *did* exhaust his claims by listing the individual defendants in an affidavit attached to the charge document. **Doc. 91-2;** *see Stailey v. Gila Reg'l Med. Ctr.*, No. CV 16-0485 JCH/GJF, 2017 WL 3602057, at *8 (D.N.M. Feb. 21, 2017) (plaintiff exhausted claims where he named individual defendants in affidavit attached to charge document). However, because the parties dispute the authenticity of the affidavit, the Court cannot consider it

under Rule 12(b)(6).  It is unclear whether this affidavit was the one attached to the charge document, given that they were signed with different dates.

In sum, Plaintiff Reyes Flores pled sufficient factual allegations to assert a plausible claim that he exhausted his administrative remedies.  The remaining arguments and disputes should be addressed on summary judgment.

## CONCLUSION

Plaintiff Reyes Flores does not assert Title VII claims (Counts V-VII) against the individual defendants, and those claims have alternatively been dismissed.  Moreover, the Court declines to dismiss the New Mexico Human Rights Act Claims (Counts VIII-X) at this procedural stage against individual Defendants Hebbe, Veith, and Swenk.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Judgment on the Pleadings against Reyes Flores **(Doc. 89)** is hereby **GRANTED IN PART** and **DENIED IN PART** for reasons described in this Memorandum Opinion and Order.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**