# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

REYES FLORES and PAT FLORES

    Plaintiffs,

v.                                                                          Case No. 1:18-cv-00402-KWR-JFR

CITY OF FARMINGTON, *et al.,*

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES

**THIS MATTER** comes before the Court on Defendants' Motion for Attorney's Fees **(Doc. 148).** Having reviewed the pleadings and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

Plaintiffs filed this action on April 30, 2019 against the City of Farmington, Farmington Police Department, Steven Hebbe, Nick Bloomfield, Matthew Veith, Tom Swenk and Taft Tracy, asserting 14 claims. On March 4, 2019 Plaintiffs filed an amended complaint. **Doc. 35.** The amended complaint asserted 13 counts against the same defendants:

    Count I: Violation of First Amendment of the United States Constitution-Retaliation
    Count II: Violations of Fourteenth Amendment of the United States Constitution- Equal Protection/Hostile Work Environment
    Count III: Violations of Fourteenth Amendment of the United States Constitution- Procedural Due Process
    Count IV: Violations of Fourteenth Amendment of the United States Constitution- Equal Protection/Religious Discrimination
    Count V: Violations of Title VII Religion Discrimination
    Count VI: Violations of Title VII Retaliation
    Count VII: Violations of Title VII Hostile Work Environment

>    Count VIII: Violations of the New Mexico Human Rights Act / Religious Discrimination
>    Count IX: Violations of the Americans with Disabilities Act / Retaliation
>    Count X: Violations of New Mexico Human Rights Act / Hostile Work Environment
>    Count XI: Breach of an Implied Contract of Employment New Mexico Common Law
>    Count XII: Breach of the Implied Covenant of Good Faith and Fair Dealing
>    Count XIII: Violations of the New Mexico Whistleblower Protection Act

On October 2, 2019 the Court entered a Memorandum Opinion and Order (Doc. 60) for partial dismissal, dismissing Counts I, II, III and IV against individual Defendants and dismissing Counts II, III and IV against City of Farmington. On January 31, 2021 the Court entered a partial judgement dismissing Counts V, VI and VII that were filed by Plaintiff Reyes. **Doc. 133**. On February 9, 2021 the Court entered a Memorandum Opinion and Order **(Doc. 135)** for partial judgement in favor of Defendants. On February 22, 2021 the Court granted summary judgment against Pat Flores. **Doc. 136.** On February 22, 2021 the Court entered judgement in favor of the Defendants on the First Amended Complaint after all claims had been dismissed or conceded. On April 23, 2021 the Clerk's office issued and order for costs in favor of the Defendants in the amount of $3,764.80. **Doc. 150.** Defendants now seek attorney's fees.

### I.  Legal Standard

Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of [section 1983]. . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The standard for making this threshold determination has been framed in various ways. Typically, plaintiffs may be considered "prevailing parties" for the purpose of attorney's fees if they succeed "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). It remains for the district court to determine what fee is "reasonable." *Id.*

A court will generally determine what fee is reasonable by first calculating the lodestar, which is the total number of hours reasonably expended multiplied by a reasonable hourly rate and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome. *Id*. at 433-34. In adjusting the lodestar, there is no precise rule or formula. The Court has discretion in making this equitable judgment. *Id*. at 436- 37.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433; *see also Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir.1998), ("[A] court must begin by calculating the so-called 'lodestar amount' of a fee, ... [which] is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.' "). The party requesting attorney's fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

## II. **Defendants' Attorney's fees are reasonable**

Generally, to obtain attorney's fees, "a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is reasonable." *see also Robinson,* 160 F.3d at 1280, *quoted in Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010); *see also Hensley v. Eckerhart*, 461 U.S. at 433. "[A] plaintiff prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Browder v. City of Moab*, 427 F.3d 717, 722 (10th Cir. 2005) (citation and

quotation marks omitted). Here, Defendants prevailed because summary judgement was entered in their favor. Thus, Defendants obtained substantial success in their defense of all claims.

Defendants' counsel has indicated that the billing rate for the partners was $180 per hour, the associate $175 per hour, and $50 per hour for the paralegal. **Doc. 149**.These are below the regular market rate that is usually charged by the firm. *Id*. Counsel provides that the firm completed 523.3 hours of work resulting in fees of $90,421.00. *Id.*

### III. <u>Analysis</u>

#### A. *Deadline*

Under Fed. R. Civ. P. Rule 6(b)(1), a district court may extend a deadline for "good cause." If the request is made before the original deadline, the Court need only find good cause for the extension. *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016); Rule 6(b)(1)(A). But if the extension request is made after the original deadline, as it was here, the Court must also determine whether "the party failed to act because of excusable neglect." Rule 6(b)(1)(B). In other words, an extension can only be granted for good cause regardless of when the extension was requested. But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (holding that under Rule 6(b)(1), "a post-deadline extension ... is permissible only where the failure to meet the deadline was the result of excusable neglect") (internal quotation marks omitted); 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165 (4th ed. 2015) ("[T]he district court may order an extension even after the expiration of a specified time period, but only for "good cause" and where the party's failure to act in a timely fashion was the result of "excusable neglect.").

Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits." *Rachel*, 820 F.3d at 394. Nevertheless, "an enlargement of the time period is by no means a matter of right." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 n.10 (10th Cir. 2013) (internal quotation marks omitted).

"'[G]ood cause' requires a greater showing than 'excusable neglect.'" *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996). The two standards, although "interrelated," are not identical. *Id*. Excusable neglect requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Id*. (internal quotation marks omitted). The Tenth Circuit has said that "[w]ithout attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect." *Id*. (internal quotation marks omitted). "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Bishop v. Corsentino, 371 F.3d 1203, 1207 (10th Cir. 2004), (internal quotation marks omitted) (interpreting good cause for an extension of time to appeal under Fed. R. App. P. 4(a)(5)). It requires the moving party to show the deadline "cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014) (brackets and internal quotation marks omitted) (interpreting good cause to modify a scheduling order under Fed. R. Civ. P. 16(b)(4)).

Here, Defendants filed the motion for fees in an untimely manner. Fed. R. Civ. P 54(d)(2)(B)(i) provides that a motion for attorney's fees "must be filed no later than 14 days after the entry of judgment . . ." The New Mexico Rule 1-054(E)(2) is similar in that "[U]nless otherwise provided for by statute or order of the court, the motion must be filed and served no later than

fifteen (15) days after entry of judgment . . . ." In support of their motion for attorney's fees Defendants rely on 42 U.S.C. § 1988(b), which does not state a deadline. 42 U.S.C. § 1988(b) reads:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 12361 of title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

However, Fed. R. Civ. P. 54(d)(2)(B) states that the motion must be filed within 14 days of judgment. This matter was entered for judgment on February 22, 2021 with a deadline to file the motion on March 8, 2021. The Defendants filed their instant motion **(Doc. 148)** on April 16, 2021, 39 days after the deadline had passed. In their response to Plaintiff's response to the motion, Defendants concede that the motion was untimely filed. Defendants argue that:

> "A three-week delay in filing the Motion does not compare with the three-year delay in finally disposing a case that should not have been filed. The City of Farmington agrees with Plaintiffs' statement in the Response [Doc. 151, p. 4] that an award of attorney's fees is discretionary. The Court should use its discretion to award fees in this case."

**Doc. 153 at 2.**

Defendants also attributed their lateness to the conflicting deadlines that exist in the rules, which Plaintiff also noted:

> It appears there are three conflicting deadlines and 42 U.S.C. § 1988 does not specify a deadline. Defendants concede the Motion was filed late. However, under D.N.M.LR-Civ 54.5(a), cited in the Response [Doc. 151, p. 3], the motion must be filed within 30 days of the judgment. The date of filing did not prejudice Plaintiffs

and the issue should be considered on its merits. *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560 (D.N.M. 1994). (Doc. 153 at 2)

As stated previously, regardless of the confusion relating to the requisite filing deadline, Defendants conceded that the motion was late.

 B. *Excusable Neglect*

The existence of excusable neglect is an equitable inquiry, requiring consideration of all of the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S.Ct. 1489 (1993); *Livingston v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 82, 84 (10th Cir. 2021). These circumstances include:

 1. the danger of prejudice to the adversary,

 2. the extent of the delay and potential effect on the proceedings,

 3. the reasons for delay (including whether these reasons are within the movant's "reasonable control"), and

 4. the existence of good faith on the part of the movant.

*Id.*

Regarding the first factor, there was some prejudice to Plaintiffs. Judgment was entered on February 22, 2021 and the deadline to file a motion for attorney's fees was 14 days later. Defendants did not file their motion for attorney fees until 39 days later. <u>Alternatively, the local rules provide that attorney fees shall be filed within 30 days of entry of judgment. Defendants' motion for attorney's fees would still be late.</u>

The second factor is noteworthy as Plaintiffs had reasonable belief after a significant period that they would not be held liable for attorney's fees. The third factor, reasons for delay, was attributed to Defendants lack of clarification or understanding of the deadlines, although by using any of the numerous deadlines they referred to, they were still

late by *at least* 21 days (40 according to the FRCP). The fourth factor is not relevant in this instance. Notably, Defendants did not ask for an extension or offer an explanation for their delay and therefore the Court finds that Defendants have not shown good faith.

   *C.  Attorney's fees are waived.*

Alternatively, Defendants' claim for attorney's fees is waived. The local rules provide:

> A motion for attorney's fees not brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), must be filed and served within thirty (30) days after entry of judgment. Failure to file and serve within this time constitutes waiver of a claim to attorney's fees.

D.N.M. LR-Civ. 54.5(a).

Defendants have not explained why this rule should not apply. Defendants assert there were confusing deadlines. But Defendants missed those deadlines under either the Federal or local rules. Accordingly, the Court concludes that Defendants waived their claim to attorney's fees.

   *D.  Frivolous lawsuit*

Defendants posit their claim for attorney's fees on the basis that they believe the action filed was "frivolous, unreasonable, and without foundation." **Doc. 153 at 2-3**. A district court may in its discretion award attorney's fees to a prevailing defendant in a case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 98 S. Ct. 694 (1978). The Supreme Court also stated, "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 422. "[T]his kind of hindsight logic could discourage all but the most

airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. The Supreme Court emphasized that, "even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.*

The instant case was resolved by dismissal for failure to state a claim and summary judgement based on qualified immunity. As stated earlier, the Supreme Court has held that 42 U.S.C. § 1988 authorizes an attorney's fee award to a prevailing defendant, but only upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice,* 563 U.S. 826, 833 (2011) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. at 421). Defendants have made no argument to support their claim that Plaintiffs filed a suit that was "frivolous, unreasonable, or without foundation", other than proffering that Plaintiffs did not prevail in the action. Specifically, Defendants assert that, "Plaintiffs' decision to litigate the legally and factually baseless claims in the FAC resulted in Defendants incurring significant attorney's fees to defend against those claims." **Doc. 148 at 6**. Defendants point to the multiple claims that were dismissed even though the claims being viewed in the light most favorable to the Plaintiffs. **Doc. 148 at 5**. However, Defendants skate over the fact that multiple claims survived the initial motion to dismiss, and that several of these claims were ultimately decided in the motion for summary judgement based on qualified immunity.

The Court notes that on May 17, 2021, nineteen (19) days after the Response to Motion For Attorney's Fees (**Doc. 151**) was filed, a notice of an unopposed extension of time was filed (**Doc. 152**). According to D.N.M.LR-Civ 7.4(a):

> (a) Timing. A response must be served and filed within fourteen (14) calendar days after service of the motion. A reply must be served and filed within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d) and may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to

be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period. An extension of briefing time must not interfere with established case management deadlines.

The subsequent Reply (**Doc. 153**) was filed on June 7, 2021. Nevertheless, having reviewed the Reply the Court finds it effectively repetitive of Defendants' Response Brief arguments and equally unpersuasive. Accordingly, the Court denies Defendants' request for attorney's fees.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Request for Attorney's Fees (**Doc. 148**) is **DENIED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**